IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARY BRADY | § | |
| | § | |
| V. | § | C.A. NO. 4:22-CV-841 |
| | § | |
| THE EVANGELICAL LUTHERAN | § | JURY REQUESTED |
| GOOD SAMARITAN SOCIETY | § | |

## <u>DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

TO THE HONORABLE SEAN D. JORDAN, UNITED STATES DISTRICT JUDGE:

The Evangelical Lutheran Good Samaritan Society ("Defendant") files this Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed this lawsuit on October 2, 2022.  (Doc. 1).  Per her Original Complaint, this lawsuit arises out of Plaintiff's alleged application for residence at a senior living facility operated by Defendant.  (Doc. 1, ¶ 2).  Plaintiff alleges that she "is an individual with chronic autoimmune disease and allergies so severe that they substantially impact her ability to live a normal life, when triggered, including her ability to breathe, to eat, to sleep, and to work."  (*Id*. at ¶ 16).  Allegedly because of this, Plaintiff applied in September 2017 to reside in Defendant's senior living facility.  (*See id*. at ¶ 17).  "She chose Denton Village in part because her food allergies are so severe that she must cook her restricted diet herself and Denton Village is one of the few senior living organizations that does not require its residents to purchase meal plans."  (*Id*.).

In 2018, Plaintiff was shown a number of units at Defendant's facility but declined several of these because they were too small for her needs. (*See id*.).  She also declined unit #60 because it was next to a busy driveway, as well as close to ongoing construction.  (*See id*. ¶ 18).

She continued to wait for an available unit for the next two years, during which time her health continued to decline as a result of her autoimmune disease and injuries from a fall.  (*See id.*).

Defendant re-offered unit #60 to Plaintiff in March 2020, which she accepted.  (*See id.* ¶ 19).  Plaintiff wished to install new carpet and a security system in the unit at her expense.  (*See id.*).  "Due to a combination of issues with the construction and with the emerging COVID-19 pandemic, [Defendant] and Plaintiff mutually agreed that her move should be delayed until the fall of 2020."  (*Id.*).

In September 2020, Plaintiff claims to have learned of a sewer backup that resulted in standing water in unit #60.  (*See id.* ¶ 20).  Plaintiff then requested to test unit #60 for mold at her own expense because she "had been advised by a specialist physician that her autoimmune disease would not improve if she had exposure to toxic mold."  (*See id.*).  "[I]n October 2020, after a series of communications with Plaintiff, [Defendant] denied Plaintiff's request for an accommodation, refusing not only to remediate the relevant conditions in the residence, but also even to test for toxic mold at all.  On the contrary, [Defendant] indicated that it was dissatisfied with the delays and that it would move on to the next applicant on the waiting list."  (*Id.* ¶ 21).  A formal rejection letter was thereafter sent to Plaintiff on October 13, 2020.  (*See id.*).  "On October 23, 2020, Plaintiff spoke by telephone with an administrator for [Defendant] who admitted that Defendant did not want to pursue Plaintiff's application any further after she sought a mold test as an accommodation, even though she was willing to pay for it herself, because [Defendant] simply did not want to address mold issues."  (*Id.*).  Unit #60 has since been rented to another applicant.  (*See id.*).

After Plaintiff retained counsel, Defendant agreed to place Plaintiff at the top of the waiting list for new residents, but behind current residents who wish to change units.  (*See id.* ¶

22).  "Defendant also declined to install the carpeting originally offered to Plaintiff and to take other measures that would have put Plaintiff in the position she would have been if Defendant had not wrongfully denied her request for a reasonable accommodation."  (*Id.*).

Based upon these allegations, Plaintiff asserts that Defendant wrongfully denied Plaintiff's request for reasonable accommodations under the Fair Housing Act ("FHA"), *see* 42 U.S.C. 3604(f)(3)(B), as well as refused to make reasonable modifications in violation of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12182(a).  (*See id.* at ¶ 24-41).  As part of her requested relief, Plaintiff seeks "this Court enter a permanent injunction enjoining Defendant from continuing to deny Plaintiff the accommodations she requires to have an equal opportunity to use and to enjoy the housing of her choice in [Defendant's facility], including (1) inclusion at the head of the waiting list for Unit #60 or an equal or superior unit, including priority over current Denton Village residents, (2) carpeting similar or superior to that agreed upon between the parties in and before October 2020, (3) the right to include a security system on the premises to the degree agreed upon between the parties in and before October 2020, and (4) any other accommodations or modifications that were agreed upon by the parties in and before October 2020 or that would have been made available to Plaintiff if Plaintiff had been able to move into [Defendant's facility] in October 2020."  (*Id.* at p. 10-11).

### STATEMENT OF THE ISSUES TO BE DECIDED

1.  Whether Plaintiff's Original Complaint states a claim under the FHA.

2.  Whether Plaintiff's Original Complaint states a claim under the ADA.

3.  Whether Plaintiff's Original Complaint states a claim for injunctive relief.

**ARGUMENT**

As explained shortly, Plaintiff has not stated a viable claim under either the FHA or the ADA.  Accordingly, Plaintiff's suit should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A)      Standard of Review under Rule 12(b)6.**

To survive Rule 12(b)(6) dismissal, a plaintiff must allege sufficient facts to show that relief "is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6).  A wholly conclusory statement of claim cannot "survive a motion to dismiss *whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery*."  *Twombly*, 550 U.S. at 561 (emphasis added).  Unless a complaint "nudge[s] their claims across the line from conceivable to plausible, their complaint *must* be dismissed[.]"  *Id.* at 570 (emphasis added).  Accepting the allegations as true, a plaintiff's "*[f]actual* allegations must be enough to raise the right to relief above the speculative level" to avoid dismissal.  *Id*. at 555 (emphasis added); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

A claim has facial plausibility when a plaintiff pleads *factual content* that allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A complaint that pleads facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557 (brackets omitted)).

Two working principles underlie *Twombly*. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, only a complaint that states a factually-plausible claim for relief can survive a motion to dismiss. *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).

A court should not assume the truth of assertions based on mere legal conclusions. Legal conclusions can provide a framework, but must be supported by factual allegations. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* If the facts alleged in a complaint "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not shown an entitlement to relief. *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"Naked assertions devoid of further *factual* enhancement" are not enough. *Ford v. Richardson*, No. 3:15-CV-0658-M-BK, 2015 WL 2330119, at *3 (N.D. Tex. Apr. 21, 2015) (quoting *Twombly*, 550 U.S. at 557) (emphasis added), *adopted by*, 2015 WL 2345620 (N.D. Tex. May 14, 2015). A factual allegation "merely creating a suspicion" that a plaintiff might have a right of action is insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). Dismissal is proper if a complaint lacks a factual allegation regarding any element necessary to obtain relief. *Id.* Where allegations in a complaint, "however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401.

**B)      Plaintiff's FHA Claim Should be Dismissed for Failure to State a Claim.**

Plaintiff alleges that "Defendant's actions … constitute a refusal to make reasonable

accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person an opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B)."  (Doc. 1, ¶ 27).  Because Plaintiff has not sufficiently alleged all elements necessary to state a claim under the FHA, her Complaint should be dismissed.

"The FHA makes it unlawful to 'discriminate against an individual in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of a handicap.'"  *Houston v. DTN Operating Co., LLC*, No. 4:17-CV-00035, 2017 WL 4653246, at *3 (E.D. Tex. Oct. 17, 2017) (quoting 42 U.S.C. § 3604(f)(2).  Discrimination includes refusing to "make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  *Id.* (citing 42 U.S.C. § 3604(f)(3)(B)). Thus, "[t]o survive a motion to dismiss on such a claim, a plaintiff must allege (1) that an adverse action making the dwelling unavailable occurred, (2) that the action was taken against someone with a handicap, and (3) that the adverse action was taken because of a handicap." *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, 468 F. Supp. 3d 800, 809 (W.D. Tex. 2020) (quotations and citations omitted).

### 1)  Plaintiff has not adequately stated a "handicap" under the FHA.

"The FHA defines handicap as '(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment.'"  *Houston*, 2017 WL 4653246 at *3 (quoting 42 U.S.C. § 3602(h); 24 C.F.R. § 100.201).  This requires factual allegations sufficient to determine whether this definition is met.  As the *Houston* court explained:

> Although Plaintiff claims that The Republic's acts were motivated by her disability, the Complaint is silent as to what her disability is or how this disability substantially affects a major life activity.  Plaintiff presents no medical facts to support her claim that she is disabled.  Plaintiff identifies no activity, no less a "major life activity," that she claims to be impaired by her "mental illness."  Plaintiff's doctor states hat Plaintiff meets the definition of disability under the FHA, Americans with Disabilities Act, and Rehabilitation Act, and "due to mental illness, Plaintiff has certain limitations.  This diagnosis may be accurate, but it fails to set forth any facts regarding if or how any of Plaintiff's conditions "substantially limits" a major life activity.

*Id.* at *3 (citing *Thomas v. Salvation Army*, 841 F.3d 632, 639 (4th Cir. 2016) (holding that the plaintiff's complaint was deficient despite providing that she received care from a behavioral health organization, had an appointment with the doctor, and was on medication, because the complaint failed to adequately identify her mental disability); *Miles v. Housing Authority Texarkana, TX*, No. 5:15CV37-JRG-CMC, 2016 WL 47927, at * 3 (E.D. Tex., Jan. 5, 2016) (holding that the plaintiff failed to establish she was disabled under the FHA when she alleged she had mental, emotional, and psychological disorders that pose "great obstacles in her life and which affects her moods and ability to comprehend"); *Barfield v. Plano Housing Authority*, No. 4-11-cv-00206, 2012 WL 3135892, at *5 (E.D. Tex. July 6, 2012) (holding that the plaintiff failed to create a genuine issue of fact when the complaint did not state what his disability was or how the defendants failed to accommodate it) (internal citations omitted); *see also Wolf v. Bank of America, N.A.*, 2014 WL 12633677, at *6 (E.D. Tex. Sept. 30, 2014) ("Plaintiffs have stated insufficient facts to state a handicap[.]").

Plaintiff's allegations are similarly deficient.  She alleges that she suffers from an autoimmune disease and allergies.  (Doc. 1, ¶ 16).  While Plaintiff makes the conclusory statement that these conditions "substantially impact her ability to live a normal life, when triggered, including her ability to breathe, to eat, to sleep, and to work" (*id.*), she fails to provide any facts to support this conclusion.  Her specific autoimmune disease is not identified.  Her

allergies are likewise not identified, although they appear to be food allergies.  (*Id.* at ¶17).  Much like the conclusory allegations in *Houston*, Plaintiff's unsubstantiated allegations that her unnamed disabilities meet the FHA's definition fails to state a claim because it contains inadequate facts in support.  *See Houston*, 2017 WL 4653246 at *3.

      **2)  Plaintiff has not adequately alleged that Defendant discriminated against Plaintiff on account of her handicap.**

Even assuming Plaintiff has sufficiently alleged a handicap under the FHA, her obligations for stating a claim do not end there.  She must further allege that (1) Defendant was aware of her handicap, (2) that her requested accommodations were directly related to her handicap, and (3) that Defendant discriminated against her because of her handicap.  *See Soniat v. Jackson*, No. 4:14cv77, 2014 WL 6968871, at *3 (E.D. Tex. Dec. 9, 2014); *see also Harmony Haus Westlake, LLC*, 468 F. Supp. 3d at 809.  Plaintiff fails to adequately allege any of this.

To begin with, Plaintiff has not sufficiently stated that Defendant was even aware of her alleged handicaps.  *See id.*; *see also Payton v. Nantucket Partners, L.P.*, 4:10-cv-00143, 2011 WL 4431865, at *4 (E.D. Tex. Aug. 19, 2011) ("The Court agrees with Defendants that they cannot be held liable for a refusal to grant an accommodation when they never knew that an accommodation was necessary.").  Similarly, Plaintiff failed to allege how her requested accommodations are related to her alleged handicaps.  "Reasonable accommodations are limited to issues directly related to a disability; such accommodations involve benefits by reason of their disabilities, and not because of some quality that they share generally with the public."  *See Soniat*, 2014 WL 6968871 at *3 (quotations omitted).  The requested accommodations are new carpeting, a security system, enclosing a patio, and mold testing.  (Doc. 1, ¶ 19-20).  Yet, Plaintiff does not allege how this disparate list of remodeling requests are directly related to her alleged handicaps.  *See Soniat*, 2014 WL 6968871 at *4 ("Neither of these requests are directly

related to Plaintiff's alleged disability such that they state a refusal to make reasonable accommodations necessary to afford Plaintiff an equal opportunity to use and enjoy a dwelling because of her disability.").  For instance, she fails to explain how her autoimmune disease or food allergies require a security system.  Without doing so, Plaintiff has failed to state a claim.

Finally, a plaintiff's subjective belief that a defendant discriminated against them on the basis of a disability, without specific facts from which to infer such a motivation, is insufficient to maintain a claim under the FHA.  *See Wolf*, 2014 WL 12633677 at *6. In other words, a plaintiff must explain how a defendant discriminated against them on the basis of their handicap. *See id.* ("Plaintiffs have stated …no facts that their loan was not modified '*because of* race, color, religion, sex, handicap, familial status or national origin.'" (emphasis in original)).  Or, as the *Wolf* court succinctly stated, "[t]hat Defendants refused [an accommodation] to a disabled person is not enough."  *Wolf*, 2014 WL 12633677 at *6.  While Plaintiff alleges that Defendant refused her requests, she failed to state facts suggesting Defendant's actions were motivated by a desire to discriminate against a handicapped person.  To the contrary, she alleges that Defendant ultimately decided to rent the unit to another person because it was "dissatisfied with the delays." (Doc. 1, ¶ 21).

In sum, "Plaintiff's complaint does not go beyond mere 'labels and conclusions' in pleading her claim of discrimination."  *Soniat*, 2014 WL 6968871 at *4 (quoting *Twombly*, 550 U.S. at 555).  Her FHA cause of action should be dismissed for failure to state a claim.

### C)   Plaintiff's ADA Claim Should be Dismissed for Failure to State a Claim.

Plaintiff alleges that "Defendant's actions and omissions described above constitute a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford 'services, facilities, privileges, advantages, or

accommodations to individuals with disabilities' in violation of the ADA, 42 U.S.C. § 12182(a)

(b), and especially (b)(2)(A)(ii)."  (Doc. 1, ¶ 37).

Typically referred to as Title III of the ADA, section 12182 prohibits discrimination

against persons with disabilities by places of public accommodation, including services operated

by private entities.  *See Bracken v. G6 Hospitality LLC*, No. 4:14-CV-644-ALM-CAN, 2016 WL

3946791, at *5 (E.D. Tex. June 3, 2016).  "Therefore, to state a claim under Title III, Plaintiff

must allege that:  (1) he has a disability within the meaning of the Act; (2) the defendant is a

private entity that owns, leases, or operates a place of public accommodation; (3) the plaintiff

was denied public accommodations by the defendant because of his disability."  *Id.*

### 1)      No facts establishing a disability under the ADA are alleged.

Under the ADA, a disability is "(A) a physical or mental impairment that substantially

limits one or more major life activities of such individual; (B) a record of such an impairment; or

(C) being regarded as having such an impairment."  42 U.S.C. §12102(1).  "Major life activities"

are defined as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping,

walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating,

thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).  Finally, "[t]he impairment's

impact must be permanent or long term ... [and] does not include a transitory injury that has no

permanent effect on the plaintiff's health."  *Bankhead v. Lifeguard Ambulance Serv. of Tex.*, No.

4:18-CV-605-A, 2019 WL 2904364, at *3 (N.D. Tex. July 3, 2019) (citing *Toyota Motor Mfg.,*

*Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002) and *Williamson v. American Nat'l Ins. Co.*, 695

F. Supp. 2d 431, 448 (S.D. Tex. 2010)).

As explained above, Plaintiff's conclusory allegations do not sufficiently state a

disability.  *See Houston*, 2017 WL 4653246 at *6 ("Plaintiff has not alleged any facts displaying

what her disability is or how her disability substantially limits one of her major life activities.”); *Bracken*, 2016 WL 3946791 at *6 (“Plaintiff’s claim for discrimination on the basis of disability cannot survive absent such factual allegations; Plaintiff’s failure to allege that he is disabled under that ADA warrants dismissal of his Title III claim.”); *Adamore v. Southwest Airlines Corp.*, No. H-11-0564, 2011 WL 6301398, at *7 (N.D. Tex. Dec. 15, 2011) (“Although Plaintiff summarily states that she is disabled, she does not identify her disability and pleads no facts linking her alleged disability to any mistreatment or lack of accommodation … therefore [Plaintiff] fails to state a claim for which relief may be granted under the [ADA]”).  Plaintiff’s conclusory allegations of a disability—without any factual underpinning—likewise do not state a claim under the ADA.

> ### 2) No factual allegations of an intent to discriminate based on Plaintiff’s alleged disability.

In addition to establishing that she meets the definition of disabled under the ADA, Plaintiff must also adequately allege that she was discriminated against *because of* her disability. *See Bracken*, 2016 WL 3946791 at *6.  “Naked allegations of discriminatory intent are too conclusory to survive a motion to dismiss.”  *C & K Trucking LLC v. Ardent Mills LLC*, No. 3:20-CV-1104-K, 2021 WL 211547, at *3 (N.D. Tex. Jan. 20, 2021).  While discriminatory intent can be shown by circumstantial evidence, a plaintiff must allege facts “sufficient to support an inference of discriminatory intent.”  *Sherrod v. United Way Worldwide*, 821 F. App’x 311, 316 (5th Cir. 2020) (per curiam).  In other words, a plaintiff must allege that it was because of her disability that she was discriminated against.  As the Fifth Circuit explained:

> He argues on appeal that because he was allegedly left on the floor of the transit van from Randall County to TDCJ and not given the opportunity to use the restroom, he was discriminated against and not given safe transit as a disabled person.  That claim, however, does not establish discrimination based on disability: *The ADA is not violated by “a prison’s simply failing to attend to the*

> *medical needs of its disabled prisoners.*"  There is no evidence that the allegedly
> improper action of leaving Nottingham on the floor of the transit van had any
> connection to his alleged disability.  There is no indication that he was treated
> differently because of his disability.  He thus has not established a claim under the
> ADA.

*Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (emphasis added) (footnote

and citations omitted).

As explained above, Plaintiff does not allege that Defendant's alleged actions were

motivated by her disability.  To the contrary, she specifically alleges that Defendant decided to

move onto another applicant due to time delays.  (Doc. 1, ¶ 21).  As such, she affirmatively

alleged a motive separate and apart from her purported disability.  Plaintiff failed to state a claim

under the ADA.

### 3)   Plaintiff is not entitled to monetary damages under the ADA.

As part of her relief requested, Plaintiff seeks compensatory damages for Defendant's

alleged violation of the ADA.  (Doc. 1, ¶ 41).  However, "there is no remedy for monetary

damages under the ADA."  *Bracken*, 2016 WL 3946791 at *3 (citing 42 U.S.C. §§ 12188(a),

12203(c); *Todd v. American Multi-Cinema, Inc.*, 222 F.R.D. 118, 120 n.2 (S.D. Tex. 2003)).

Accordingly, any claim for compensatory damages under the ADA should be dismissed for

failure to state a claim.  *See id.*

### D)   Plaintiff's fails to state a claim for injunctive relief.

"To obtain injunctive relief, a plaintiff is required to plead and prove, inter alia, 'a

substantial likelihood of success on the merits.'"  *Johnson v. CitiMortgage, Inc.*, No. 3:14-CV-

1794-M-BH, 2015 WL 269970, at *5 (N.D. Tex. Jan. 21, 2015) (quoting *Jackson v. Fed. Home

Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011)).  If

the underlying claim on which the request for injunctive relief is predicated is subject to

dismissal, so too is the request for injunctive relief.  *See id.*  As shown above, Plaintiff has not stated a claim under either proffered causes of action.   Accordingly, Plaintiff's request for injunctive relief is subject to dismissal as well.

Additionally, while the ADA does allow for injunctive relief, it is limited to the following:

> Injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or server, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); *see also Bracken*, 2016 WL 3946791 at *4.  The FHA similarly allows for injunctive relief in order to relieve the discriminatory conduct.  *See* 42 U.S.C. § 3613(c)(1) ("In a civil action under subsection (a), if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d), may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate.").  However, neither allow for the wholesale grant of injunctive relief unrelated to the curing of the discriminatory conduct.  Thus, any request for injunctive relief must be specifically tailored to remedying the actionable discriminatory conduct.  If a party seeks injunctive relief beyond what is necessary to remedy the discriminatory conduct, this is subject to dismissal.  *See Bracken*, 2016 WL 3946791 at *4 (dismissing a number of requests for injunctive relief as beyond the scope of injunctive relief available under the ADA).

Again, Plaintiff seeks "this Court enter a permanent injunction enjoining Defendant from continuing to deny Plaintiff the accommodations she requires to have an equal opportunity to use

and to enjoy the housing of her choice in [Defendant's facility], including (1) inclusion at the head of the waiting list for Unit #60 or an equal or superior unit, including priority over current Denton Village residents, (2) carpeting similar or superior to that agreed upon between the parties in and before October 2020, (3) the right to include a security system on the premises to the degree agreed upon between the parties in and before October 2020, and (4) any other accommodations or modifications that were agreed upon by the parties in and before October 2020 or that would have been made available to Plaintiff if Plaintiff had been able to move into [Defendant's facility] in October 2020."  (Doc. 1, p. 10-11).  The requested injunctive relief is untethered to her disabilities and appears to be little more than a request to remodel one of Defendant's units to her tastes.  As Plaintiff failed to explain how her requested injunctive relief falls within the purview of injunctive relief available under the ADA and FHA, her request for injunctive relief should be dismissed.  *See Bracken*, 2016 WL 3946791 at *4.

## CONCLUSION

This Court should dismiss all claims pursuant to Rule 12(b)(6).

HORNE ROTA MOOS, LLP

By: _____
CHASTITI N. HORNE
State Bar No. 24007385
JOSHUA C. ANDERSON
State Bar No. 24027198
2777 Allen Parkway, Suite 1200
Houston, Texas 77019-2141
Telephone: (713) 333-4500
Facsimile:  (713) 333-4600
chorne@hrmlawyers.com
janderson@hrmlawyers.com

ATTORNEY-IN-CHARGE FOR DEFENDANT, THE EVANGELICAL LUTHERN GOOD SAMARITAN SOCIETY

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system on this 20th day of January, 2023.

Mark Whitburn                                      *Via Electronic Service*
Sean Pevsner
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006

_____
Chastiti N. Horne